UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES HARRISON and KAREN HARRISON, a marital couple,<br><br>                 Plaintiffs,<br><br>  v.<br><br>NORTHWEST METAL FAB AND PIPE, INC., an Oregon corporation; and ANTHONY L. ST. JULIEN,<br><br>                 Defendants. | No.<br><br>**COMPLAINT FOR DAMAGES**<br>(Negligence, Strict Liability, Respondent Superior)<br><br>**JURY TRIAL REQUESTED** |

Plaintiffs Jim and Karen Harrison, by and through their counsel, and for their Complaint against defendants, claim, allege and state as follows:

**PARTIES AND JURISDICTION**

1. Plaintiffs Jim and Karen Harrison are a married couple. They currently reside at 702 Brockway Road, Chehalis, WA 98532.

2. Defendant Anthony St. Julien is an Oregon resident who was at all relevant times an employee and supervisor for Northwest Metal Fab and Pipe, Inc. ("Northwest") acting within the scope of his employment.

3. Defendant Northwest is an Oregon corporation with its headquarters at 4500 SW Advance Rd., Wilsonville, Oregon 97070.

COMPLAINT FOR DAMAGES - 1
Case No.

VANDEBERG JOHNSON & GANDARA, LLP
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)
FACSIMILE (253) 383-6377

4. Jurisdiction is proper in federal district court based upon diversity of citizenship. The amount in controversy is well in excess of the statutory minimums.

**FACTUAL BACKGROUND**

5. On May 25, 2006, Northwest hosted an after-work company party. The party was organized by Tony St. Julien, the company supervisor on an excavation and pipe-laying project Northwest was performing in Lewis County, Washington. The attendees of the party were principally employees and agents of Northwest, along with representatives of Northwest's customer.

6. According to St. Julien, the event was a "company party" for which he "had a bunch of crew come in" for "a barbeque" at a KOA campsite.

7. St. Julien was acting within the scope of his employment for Northwest, and was performing duties related to the conduct of Northwest's business, in connection with the barbecue in issue and the facts and circumstances giving rise to this lawsuit.

8. St. Julien is insured for acts and omissions committed while acting within the scope of his employment for Northwest, including acts and omissions committed while performing duties related to the conduct of Northwest's business. Northwest also is insured.

9. In addition to organizing the party, St. Julien was the person who invited Mr. Harrison. He also supplied food and drink (including alcoholic beverages) at no expense to the attendees.

10. In the days leading up to the barbecue, Andy Hoover, a mechanic working for Northwest under the supervision of St. Julien, had brought a homemade explosive device to the workplace. This device was shown and made known to St. Julien and others, but not to Harrison.

11. In addition to Harrison, Tim White, a former Northwest employee, and his wife, Gina, were in attendance at the party. Andy Hoover was also in attendance.

COMPLAINT FOR DAMAGES - 2
Case No.
COMPLAINT FOR DAMAGES - 2
Case No.

VANDEBERG JOHNSON & GANDARA, LLP
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)
FACSIMILE (253) 383-6377

F:\17000-17999\17072\17072-00002\PLEADINGS\MDP5TY.DOC

12. According to Hoover, at some point during the party he "went in and checked with [his] boss Tony to see if [he] could go home for the night." His boss, Anthony St. Julien, inquired whether Hoover had "something in [his] truck that... goes 'boom'?"

13. St. Julien asked this "so they [could] kind of celebrate and kick off steam." In response to St. Julien's directive, Hoover "got something [from] the driver's side of [his] upper toolbox..." St. Julien and Hoover, with respect to the introduction of this explosive device into the company party, were acting in concert, or alternatively, Hoover was acting as St. Julien's, and thus Northwest's, agent and servant.

14. Rather than igniting the device himself, and without any objection from St. Julien or any other representative or agent of Northwest, Hoover passed the device off to the attendees of the party.

15. After St. Julien and Hoover caused the introduction of this explosive device into the crowd of partygoers, it exploded. Other than Hoover, very few (perhaps none) of the attendees at the party were familiar with home-built explosives.

16. That the device would explode under these circumstances was foreseeable.

17. As a direct and proximate result of the explosion, both Mr. Harrison and Mr. White suffered horrendous injuries.

18. Michael Powers, a foreman employed by Northwest, was also present at the party, and was fully aware that Hoover had retrieved the explosive device from his truck and passed it off to the attendees of the party. Mr. Powers told the police that originally the plan was to light the device and throw it across a canal, away from the party, but he instructed against that.

19. Due to his severe injuries, Mr. Harrison has been unable to maintain employment since the explosion, and both Mr. Harrison and his wife have suffered extreme emotional distress.

COMPLAINT FOR DAMAGES - 3
Case No.

VANDEBERG JOHNSON & GANDARA, LLP
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)
FACSIMILE (253) 383-6377

F:\17000-17999\17072\17072-00002\PLEADINGS\MDP5TY.DOC

## CAUSES OF ACTION

20. **NEGLIGENCE:** As the supervisor of the project and the organizer of the company party, St. Julien, and through him Northwest, had a duty to maintain a safe environment at the barbecue. By introducing a highly dangerous explosive device into that environment, the company, St. Julien, and their agents, acted negligently and unreasonably, acted in concert, breached their duties of care, and directly and proximately caused the Harrisons' injuries.

21. **STRICT LIABILITY:** Northwest and St. Julien, individually, and by and through and in concert with any and all agents, including Michael Powers and Andy Hoover, engaged in the abnormally dangerous activity of introducing an explosive device into a work party setting where an accident of this nature was foreseeable.

22. **RESPONDEAT SUPERIOR:** At all relevant times, St. Julien, Powers and Hoover were acting within the scope of their employment or agency, and/or were performing duties related to the conduct of Northwest's business. Northwest therefore is liable for their negligent conduct pursuant to the theory of respondeat superior.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, having set forth their causes of action herein against Defendants, pray for judgment against Defendants, for general and specific damages in amounts that shall be proven at trial, and for reasonable attorneys' fees in accordance with law, and otherwise, for Plaintiffs' costs and disbursements herein incurred, and for such other and further relief as the Court may deem just and equitable under the circumstances.

////////////

////////////

////////////

////////////

////////////

COMPLAINT FOR DAMAGES - 4
Case No.

VANDEBERG JOHNSON & GANDARA, LLP
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)
FACSIMILE (253) 383-6377

F:\17000-17999\17072\17072-00002\PLEADINGS\MDP5TY.DOC

## DEMAND FOR JURY TRIAL

Plaintiffs herein demand a trial by jury of the claims brought herein.

DATED this 26 day of June, 2008.

VANDEBERG JOHNSON & GANDARA

By: /s/ Mark Dietzler

Mark Dietzler, WSBA No. 20765
Vandeberg Johnson & Gandara
Wells Fargo Plaza
1201 Pacific Avenue, Suite 1900
Tacoma, WA 98402-4391
Telephone: (253) 383-3791
Facsimile: (253) 383-6377
mdietzler@vjglaw.com

Attorneys for
**JAMES AND KAREN HARRISON**

PITZER LAW
Jeff S. Pitzer, OSB# 02084
**PITZER LAW**
101 SW Main Street, Suite 805
Portland, OR 97204
Telephone: (503) 227-1477
Facsimile: (503) 227-5839
jpitzer@pitzerlaw.net

Of Counsel

COMPLAINT FOR DAMAGES - 5
Case No.

VANDEBERG JOHNSON & GANDARA, LLP
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)
FACSIMILE (253) 383-6377

F:\17000-17999\17072\17072-00002\PLEADINGS\MDP5TY.DOC